## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re  Robinhood Properties L.L.C. ) <br> *[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]* ) <br> ) <br>                                      Debtor ) <br> ) <br> Last four digits of Social Security No(s): _____ ) <br> _____ ) <br> Employer Tax Identification (EIN) No(s). (if any) 20-2627872 ) | Case No. 19-61471 <br><br> Chapter 11 |

### ORDER DIRECTING DUTIES OF DEBTOR-IN-POSSESSION

The above captioned debtor-in-possession ("debtor") filed a petition for relief under chapter 11 of title 11 of the United States Code (U.S.C. § 101 et seq.) ("Bankruptcy Code"). The debtor remains in possession of its assets and has authority to continue to operate in the ordinary course of business. Debtor shall continue in the possession of its assets and operation of its business subject to the limitations decreed herein. In furtherance thereof, it is

.      **ORDERED** that subject to any other applicable order of this court, the debtor shall preserve and safeguard all books and records throughout the administration of the bankruptcy estate. Pursuant to Bankruptcy Code § 1106(a) and Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 2015(a)(2) the debtor shall be accountable for all property received and disbursed. The debtor shall maintain records throughout the period of time the debtor is in possession of its assets, which shall accurately reflect all of the debtor's financial transactions. A complete record of all disbursements shall be retained; and it is further

**ORDERED** that subject to any other applicable order of this court, the debtor (or any entity included in Fed. R. Bankr. P. 9001(5)) shall open separate accounts for tax deposits arising from the debtor's obligations to withhold or pay taxes. The debtor shall open accounts only with depositories or other entities in compliance with the provisions of Bankruptcy Code § 345(b). The tax accounts shall bear the additional designation "Debtor in Possession". The debtor is hereby directed to segregate and hold separate and apart from all other funds all monies deducted and withheld from employees or collected from others for taxes under any law of the United States, New York State or any political subdivision thereof.

O:R2015(01/31/2018)C

Regarding post-petition federal tax liability for income taxes and social security taxes withheld or contributed pursuant to Internal Revenue Code ("I.R.C.") §§ 3402(a) and 3102, the debtor is directed to deposit to the tax accounts all taxes contributed or withheld within two (2) business days after the day upon which the taxes were required to be withheld. Debtor is directed to remit said taxes with an appropriate federal tax deposit form and completed Verification of Fiduciary's Federal Tax Deposit ("Internal Revenue Service 'I.R.S.' Form 6123"). A copy of I.R.S. Form 6123, bearing a complete and properly executed certificate of deposit by the bank, shall be filed in a timely manner with the Office of the United States Trustee, and transmitted to the Internal Revenue Service, Chief, Special Procedures Section:

> Internal Revenue Service
> P.O. Box 7346
> Philadephia, PA 19101-7346

Regarding the debtor's post-petition federal excise tax liability pursuant to I.R.C. §§ 3111 and 3301, as listed on Quarterly Federal Excise Tax Return Form 720, all such taxes shall be deposited in the tax accounts on or before the end of the calendar week subsequent to the week such amounts are required to be collected or liability is incurred.

The debtor shall pay all federal post-petition tax liability as it accrues and within the time limits prescribed by the I.R.S. through statute or regulation. The debtor shall also file federal tax reports, tax returns and any other documents required by the I.R.S. pursuant to applicable law.

Regarding the debtor's post-petition New York State tax liability, the debtor is directed to deposit to the tax accounts and hold separate and apart from all other funds, other than federal tax deposits, all monies deducted and withheld from employees or collected from others for taxes pursuant to New York State Tax Law §§ 674 and 1137, including but not limited to, sales and use taxes.

All New York State income, sales and use taxes which debtor is required to withhold or collect shall be remitted by the debtor to the tax accounts within the statutory periods set forth in New York Tax Law §§ 674 and 1137, respectively.

All withholding tax returns and all sales and use tax returns should be submitted in a timely manner to:

> New York State Department of Tax & Finance
> Attn: Bankruptcy Unit
> P.O. Box 5300
> Albany, New York 12205-0300

All tax deposits (federal, state, or political subdivisions thereof) are to be used and disbursed only for the particular purpose for which the debtor has been directed to set them aside; and it is further

**ORDERED** that the debtor shall perform its responsibilities pursuant to Bankruptcy Code § 1106(a), Fed. R. Bankr. P. 2015(a)(3) and Local Bankruptcy Rule 2015-2 by filing with the court and with the Office of the United States Trustee monthly statements of its operations and financial condition, which include a statement of receipts and disbursements, and such other information as reasonably required by the United States Trustee, or directed by the court. Copies of the monthly operating statements shall be made available on request of the taxing authorities, creditors committee, or other creditors; and it is further

**ORDERED** that the debtor shall not pay any unsecured debt incurred prior to the filing of the petition unless payment is or has previously been authorized by the court after notice and a hearing; and it is further

**ORDERED** that the debtor shall not employ any attorney, accountant, or other professional (within the meaning of Bankruptcy Code § 327, Fed. R. Bankr. P. 2014 and Local Bankruptcy Rule 2014-1) without the approval of the court; and it is further

**ORDERED** that the debtor shall not pay any attorney, accountant or other professional for any service rendered, either pre-petition or post-petition, without an order of the court based upon a proper application and a hearing on notice to all creditors; and it is further

**ORDERED** that the debtor shall not use cash collateral (as that term is defined in Bankruptcy Code § 363(a)) unless debtor has the written consent of each entity having an interest therein, or an order of the court is entered authorizing said use after a hearing on notice as provided for in Fed. R. Bankr. P. 4001(b); and it is further

**ORDERED** that the debtor shall maintain adequate insurance covering property of the estate against loss or damage. If insurance is not in effect at the time of filing, the debtor shall immediately arrange to procure the same in an amount deemed adequate and reasonable to protect the potential return to creditors in the event of its loss or destruction. The debtor shall immediately notify the United States Trustee of any change in the status of insurance, and notify any creditor affected thereby; and it is further

**ORDERED** that within twenty (20) days after the date of the order for relief, the debtor shall furnish adequate assurance of payment for service rendered by a utility after the date of filing the petition. Except as provided in Bankruptcy Code § 366(b), a utility may not alter, refuse, or discontinue service to, or discriminate against, the debtor solely on the basis of the commencement of a case under the Bankruptcy Code or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due; and it is further

O:R2015(01/31/2018)C

**ORDERED** that the debtor shall file a notice of, or a copy of its petitions (without schedules) in every county in which real property of the debtor is located in the office where a transfer of real property may be recorded to perfect such transfer; and it is further

**ORDERED** that the debtor shall diligently endeavor to prevent incurring an administrative or priority expense which cannot be paid from funds generated during the chapter 11. To this end, the debtor shall take all steps necessary to avoid the depletion of estate assets which may negatively affect the ability to continue operation of his business.

BY THE COURT

At Utica, NY
Date: October 21, 2019

Hon. Diane Davis
U.S. Bankruptcy Judge

## CERTIFICATE OF MAILING

The deputy clerk indicated below of the United States Bankruptcy Court for the Northern District of New York at Utica, hereby certifies that on this date a true copy of foregoing document:

[✓] was mailed by United States Postal Service as shown below:

Debtor:  Robinhood Properties L.L.C.  
PO Box 121  
Mountaindale, NY 12763

Robinhood Properties L.L.C.  
60 East Main Street  
Fonda, NY 12068

Internal Revenue Service  
P.O. Box 7346  
Philadelphia, PA 19101-7346

New York State  
Department of Tax & Finance  
Bankruptcy Section-Special Procedures  
P.O. Box 5300  
Albany, New York 12205-0300

[✓] was sent electronically to registered users of the Northern District of New York CM/ECF system

Attorney for Debtor:  david@ldts-law.com, stephanie@ldts-law.com

United States Trustee:  USTPRegion02.UT.ECF@usdoj.gov

Date: 10/21/19

Thomas Schaaf  
Deputy Clerk

O:R2015(01/31/2018)C

5